# Dougherty v. Philadelphia & West Chester Traction Co., Appellant.

*Negligence—Damages—Neglect to apply for medical relief.*

A working woman who was injured in the leg through the negligence of the employees of a street railroad company, while she was alighting from a car, is not precluded from maintaining a judgment on a verdict against the company for four hundred dollars where it appears that immediately after the injury, she applied the usual and simple remedies in general use by persons in her walk of life, that upon growing worse she consulted a physician five days after the accident, that her case was complicated by the fact of her having varicose veins, and that as a result of the injury her earning power was considerably diminished.

Argued Nov. 1, 1916.   Appeal, No. 170, Oct. T., 1916, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1914, No. 1869, on verdict for plaintiff in case of Annie Dougherty v. Philadelphia & West Chester Traction Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before SHOEMAKER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $400.   Plaintiff appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Charles Sinkler,* for appellant.—The plaintiff's own neglect caused the injury that she suffered.

A feature of the right to recover for personal injuries sustained through the alleged negligence of another is a natural and continuous sequence uninterruptedly con-

necting the breach of duty with the damage as cause
and effect: Wallace v. Penna. R. R. Co., 222 Pa. 556;
Vallo v. U. S. Express Co., 147 Pa. 404.

*Hugh McAnany, Jr.,* for appellee.—A plaintiff is only
bound to take such medical treatment as a person of
ordinary prudence would be likely to undergo: Benson
v. Altoona, Etc., Electric Ry. Co., 228 Pa. 290.

OPINION BY ORLADY, P. J., December 18, 1916:
The inquiry on this appeal is limited to the assign-
ments of error as presented. It is assumed as undis-
puted, that the plaintiff sustained some injury when she
alighted from the defendant's car on June 13, 1913. As
she described it "just as I was getting my right foot
down, he (the motorman) blew the whistle and the car
started, and I got a kind of shock, and the step of the
car scratched my shin." The sole defense in the court
below and on this appeal is that "the plaintiff failed in
her duty to secure prompt and proper medical atten-
tion."

The plaintiff was 56 years of age; lived separate from
her husband; was engaged in general house work and
office cleaning, at a wage of from $7 to $8 per week.
After the accident, on her return home after experienc-
ing "a most dreadful pain in the injured leg" she applied
local remedies—a zinc salve and peroxide,—but the in-
jury becoming more serious five days later, she applied
to a physician for relief. Her condition at the time of
the accident, during the treatment, and at the time of
the trial was fully investigated on the trial. The con-
tention of the defendant, and authorities are cited to
support it, is that it was her duty to use ordinary and
reasonable diligence in securing medical or surgical aid
after receiving her injury; that it was her bounden duty
to employ such aid as ordinary prudence would require
under the circumstances; and that not having done so,
as claimed by appellant, the uncontradicted evidence

showing that her injuries were caused by the neglect of a duty which she owed herself as well as to the defendant, to wit: to obtain prompt and proper medical treatment, her injuries were not solely caused by the alleged negligence of the defendant, the court below should have given binding directions to find in its favor.

The law does not impose so rigid a procedure on the part of a woman in the plaintiff's circumstances. She evidently minimized the character of her injuries, but she promptly sought relief from the usual and simple remedies in general use by persons in her walk of life. Unfortunately for her, the case was complicated by the fact of her having varicose veins, which materially added to the degree of her injuries. The size of the verdict indicates, at least, that it was intended as but fair compensation for the pain and suffering resulting from the admitted results of the accident. This plaintiff could not be expected to measure accurately the progress of her disease, and her delaying for five days the employment of a physician should not be considered as contributory negligence in her omitting a duty which she owed to herself. However this phase of the question was fully and fairly submitted to the jury. Neither in the court below nor on this appeal is there any question raised as to unusual or extraordinary character of the sudden starting of the car while she was in the act of stepping from it to the roadway, and the defense is limited to her alleged negligence in not more promptly applying for medical relief for her injuries, we find no such error in the record as would warrant a reversal of the judgment.

The judgment is affirmed.